**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILDEARTH GUARDIANS and NEW MEXICO WILDERNESS ALLIANCE, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant-Appellant, <br><br> and <br><br> SAFARI CLUB INTERNATIONAL; et al., <br><br> Intervenor-Defendants. | No. 17-16677 <br><br> D.C. No. 4:13-cv-00392-DCB <br><br><br> MEMORANDUM[*] |
| WILDEARTH GUARDIANS and NEW MEXICO WILDERNESS ALLIANCE, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF | No. 17-16678 <br><br> D.C. No. 4:13-cv-00392-DCB |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JUSTICE,

        Defendant,

NEW MEXICO CATTLE GROWERS'
ASSOCIATION; et al.,

        Intervenor-Defendants,

 and

SAFARI CLUB INTERNATIONAL,

        Intervenor-Defendant-
        Appellant.

---

WILDEARTH GUARDIANS and NEW
MEXICO WILDERNESS ALLIANCE,

        Plaintiffs-Appellees,

 v.

UNITED STATES DEPARTMENT OF
JUSTICE,

        Defendant,

SAFARI CLUB INTERNATIONAL,

        Intervenor-Defendant,

 and

NEW MEXICO CATTLE GROWERS'

No.   17-16679

D.C. No. 4:13-cv-00392-DCB

2

ASSOCIATION; et al.,

Intervenor-Defendants-
Appellants.

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted October 9, 2018
Seattle, Washington

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

The United States Department of Justice ("DOJ") and Intervenors Safari Club International and New Mexico Cattle Growers' Association appeal the district court's order granting summary judgment to WildEarth Guardians and New Mexico Wilderness Alliance (collectively "WildEarth"). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand to the district court with instructions to dismiss for lack of standing.

WildEarth brought claims under the Administrative Procedure Act, challenging the DOJ's *McKittrick* policy as arbitrary and inconsistent with the Endangered Species Act ("ESA"). Under the *McKittrick* policy, prosecutors are directed to request jury instructions with a heightened *mens rea* requirement in prosecutions under the ESA, even though this court has already held that a

heightened *mens rea* requirement is not required under the statute. *United States v. McKittrick*, 142 F.3d 1170, 1177 (9th Cir. 1998). According to WildEarth, this policy decreases the deterrent effect of the ESA's prohibition against taking protected Mexican grey wolves, thereby leading to an increased number of wolf killings.

We find that WildEarth lacks standing to bring this challenge. To establish standing, WildEarth must show (1) a concrete and particularized injury that (2) is traceable to the challenged conduct and (3) would likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). WildEarth asserts that it and its members are injured by the increased number of Mexican wolf killings and the *McKittrick* policy's adverse impact on Mexican wolf conservation. The DOJ does not dispute that this constitutes an injury. But even assuming that WildEarth has suffered a cognizable injury, it has failed to show both that the injury was fairly traceable to the *McKittrick* policy and that its requested relief would actually redress that injury by decreasing the number of Mexican wolves that are killed.

WildEarth asserts that without the *McKittrick* policy, there will be additional prosecutions of unlawful wolf takings, which will then deter members of the public from purposefully or accidentally killing wolves. Yet as WildEarth's counsel

acknowledged during argument, WildEarth is not aware of any specific instance where the DOJ has declined to prosecute a wolf killing because of the *McKittrick* policy. The court therefore cannot conclude that eliminating the policy would trigger additional prosecutions, a greater deterrent effect, and fewer Mexican wolf killings.

Moreover, WildEarth's conclusion necessarily rests upon several layers of speculation. For example, to find that fewer wolves would be killed in the absence of the *McKittrick* policy, the court would, at a minimum, need to speculate about: how the U.S. Fish & Wildlife Service would allocate its resources and the extent to which it would investigate and refer wolf shootings to the DOJ; how the DOJ would prioritize prosecutions of unlawful wolf takings given its own policies and limited resources; whether individual prosecutors would choose to indict and prosecute particular cases of wolf killings; whether the circumstances surrounding any wolf killing would otherwise preclude prosecution (e.g., if the government is unable to identify the shooter); and the extent to which members of the public would be aware of the additional prosecutions (especially if there is only a modest increase) and would change their behavior by shooting fewer wolves. In effect, on the record before us WildEarth's contention that eliminating the *McKittrick* policy would decrease wolf killings requires speculation about how a series of

5

independent entities would respond to the change. This is insufficient to support standing under Article III. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413-14 (2013) (no standing where the court would have to rely on "speculation" or "guesswork as to how independent decisionmakers will exercise their judgment."); *see also Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 42-43 (1976) (no standing to challenge tax change because it is "speculative" whether a court-ordered reinstatement of tax benefits for indigent services would cause hospitals to resume providing services to the indigent).

We therefore vacate the district court's order granting WildEarth summary judgment, and remand to the district court with instructions to dismiss WildEarth's complaint for lack of standing.

The parties shall bear their own costs for this appeal.

**VACATED AND REMANDED**